STATE OF MISSOURI, Respondent, v. JAMES McCABE et al., Appellants.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Criminal Law: CRIMINAL PRACTICE: SALE OF LIQUOR: CIRCUMSTANTIAL EVIDENCE.** Circumstantial evidence is applicable to support prosecutions for unlawful sales of liquor as in other cases.

2. **Evidence: "BLIND TIGER."** Two defendants were prosecuted for selling liquors on Sunday. One was proprietor of a saloon on the ground floor of a hotel. The saloon was connected with a storeroom, and from the latter a dumb-waiter ran to a room on an upper floor of the hotel. The other defendant stood in the room and took orders for drinks. The customer put his money on the dumb-waiter which then disappeared and shortly returned with the refreshments ordered, which the customer received. On these and other facts stated in the opinion it was *held*, that there was testimony to support the conviction of both defendants for unlawful liquor-selling.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*L. D. Grove* for appellants.

(1) Instruction No. 1, given for the State, was error, because not based upon the theory of the case. This prosecution being for the violation of section 2243, Revised Statutes 1899 (Sunday law), ignoring entirely the fact that that section is directed to the continuation of the business of the week. State v. Crabtree, 27 Mo. 232. (2) Instruction No. 2, for the

State, was error for the reason that it ignores the necessary fact that there must be a business of the week and continued on Sunday. State v. Crabtree, supra. And for the further reason that there is an entire failure of proof of making a sale by defendant, Gallager. (3) The instruction asked for by defendants by way of demurrer, should have been given. In State v. Meagher, 49 Mo. App. 576, the court says: "The rule is, on the one hand, that in such a case it is necessary for the State to go farther than merely to show that some one in the defendant's place of business sold the liquor under conditions prohibited by the statute; and that it is necessary to show that the person doing the act was the agent or employee of the defendant." Applying this rule to the facts proven in this case, the instruction asked for should have been given. State v. Quinn, 40 Mo. App. 573.

*David W. Hill* for respondent.

(1) The demurrer to the testimony was properly overruled. State v. Jonas, 73 Mo. App. 525; Black on Intoxicating Liquors (1892), p. 495; State v. Kolb, 48 Mo. App. 269; State v. Morton, 42 Mo. App. 64. (2) The instructions given to the jury properly declared the law. Sec. 2243, R. S. 1899; State v. Heckler, 81 Mo. 417; State v. Kurtz, 64 Mo. App. 123.

BARCLAY, J.—This appeal is from a conviction for selling fermented and distilled liquors on Sunday. The defendants were jointly charged with the offense, and each was fined $50; both appealed in the usual manner.

The testimony tended to unfold the following state of facts:

Defendant McCabe conducted a saloon on the ground floor of a hotel in Poplar Bluff, Missouri. Back of the saloon was a storeroom; from the latter a small lift or dumb-waiter

was constructed in such a way as to afford a convenient means of transmitting to an upper room in the hotel such liquid refreshments as might be ordered. The formula was for the patron in the upper room to announce what he would have, deposit on the dumb-waiter the customary price for his order, when the machinery of the device would move by means of some human motive power on the ground floor. The dumb-waiter would descend with the funds and return with the refreshments as ordered.

On the Sunday in question, three men went to the upper room aforesaid and ordered beer and whiskey, respectively, in response to a question by defendant Gallagher, "What will you have?" The customers put the money for their orders on the dumb-waiter which then disappeared from view, to reappear shortly with the liquors ordered. They were delivered to the purchasers.

There was no testimony that defendant Gallagher was in the employ of McCabe. The former denied any such employment on the day of the sales. There was proof, however, that the premises at the foot of the dumb-waiter, whence the liquid refreshments came forth, were in the possession of McCabe and were in immediate connection with his saloon.

We give a mere outline of the evidence; its complete particulars are unnecessary. It will suffice to say that it seems to us to warrant the inference of fact which the jury made, namely, that both defendants participated in the prohibited acts on the Sunday specified in the information.

Circumstantial evidence is quite as applicable to support cases of unlawful liquor-selling as it is to support charges of any other offense defined by law.

It is not needful to prolong the review of this case. Other decisions will be announced along with this, which further elucidate the views of the court on this subject. State v. Lucas, 94 Mo. App. (St. L.) 117; State v. Bearden, 94 Mo. App. (St. L.) 134.

2. We have examined the record fully. Finding no error in it we affirm the judgment. *Bland, P. J.,* and *Goode, J.,* concur.